510 S.E.2d 253

**Ruth P. HOY, n/k/a Ruth E. Pearce**

v.

**Franklin W. HOY, Jr.**

**Record No. 1447–98–1.**

Court of Appeals of Virginia.

Feb. 2, 1999.

(Richard W. Hudgins, on brief), Newport News, for appellant.

(Vicki Beard, on brief), for appellee.

Present: BRAY and ANNUNZIATA, JJ., and OVERTON, Senior Judge.

PER CURIAM.

Ruth E. Pearce (Pearce) appeals the decision of the circuit court denying her motion to reinstate and for entry of a proposed qualified domestic relations order ("QDRO") awarding her $84,000 from the retirement plan of Franklin W. Hoy, Jr. (Hoy). Pearce contends that, because the judgment was for unpaid spousal support, she was entitled under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1001 *et seq.*, to seek a QDRO allowing her to recover her judgment from Hoy's pension plan. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. *See* Rule 5A:27.

Under the provisions of ERISA, "benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). Certain limited exceptions are carved to the anti-alienation provisions for a "qualified domestic relations order." *See* 29 U.S.C. § 1056(d)(3)(A). Among the requirements for a QDRO are that the order be

(ii) ... any judgment, decree, or order (including approval of a property settlement agreement) which—

(I) relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and

(II) is *made pursuant to a State domestic relations law* (including a community property law).

29 U.S.C. § 1056(d)(3)(B)(ii) (emphasis added).

The parties were divorced in 1973, prior to the adoption of Code § 20–107.3. In the final decree of divorce, Pearce was awarded $600 in monthly spousal support. Pearce was not awarded any interest in Hoy's retirement plan, which the record indicates did not exist at the time of the divorce. In 1985, Pearce received a judgment in the amount of $84,000 for spousal support arrearages. In 1997, Pearce filed a motion seeking to reinstate the matter for entry of a QDRO allowing garnishment of Hoy's pension plan as a source for payment of the spousal support arrearages judgment.

■ Pearce's motion for entry of a QDRO to allow her to have an interest in Hoy's pension is an attempt to reopen and modify the court's final decree of divorce. That is not allowed under Virginia law. *See, e.g., Wilson v. Wilson,* 25 Va.App. 752, 757, 492 S.E.2d 495, 497 (1997). Rule 1:1 prohibits modification of "all final judgments, orders, and decrees" twenty-one days after the date of entry. Code § 20–107.3(K)(4) grants the court continuing jurisdiction to make "any additional orders necessary to effectuate and enforce any order entered pursuant to this section," and allows courts to

[m]odify any order entered in a case filed on or after July 1, 1982, intended to affect or divide any pension, profit-sharing or deferred compensation plan ... only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order.

Code § 20–107.3(K)(4). However, the parties' final decree of divorce was entered prior to the effective date of Code § 20–107.3(K). By its express terms, the section does not apply to orders entered prior to July 1, 1982.

■ Moreover, "Code § 20–107.3(K)(4) does not empower trial courts to make substantive modifications ... in the final divorce decree...." *Caudle v. Caudle,* 18 Va.App. 795, 796, 447 S.E.2d 247, 248–49 (1994). When entering a QDRO, the

court may not "modify a final divorce decree simply to adjust its terms in light of the parties' changed circumstances"; the QDRO must be "consistent with the substantive provisions of the original decree." *Id.* at 798, 447 S.E.2d at 249. *See also Fahey v. Fahey,* 24 Va.App. 254, 256–57, 481 S.E.2d 496, 497 (1997) (*en banc*). "[E]ntry of an order purporting to 'change the substance of the original order or provide an interest in a pension that was not provided in the order' would contravene the intent of the legislature in enacting this code section." *Newsome v. Newsome,* 18 Va.App. 22, 26, 441 S.E.2d 346, 348 (1994) (citation omitted).

Under Virginia domestic relations law, Pearce may not recast her claim as a judgment creditor, albeit one that seeks recovery of unpaid spousal support, into a QDRO which substantively modifies the terms of a final divorce decree. Therefore, under ERISA, the proposed order does not qualify as a QDRO. The cases appellant cites arise from other jurisdictions and have limited persuasive authority in interpreting Virginia statutory law.

Accordingly, the decision of the circuit court is summarily affirmed.

*Affirmed.*